IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **LETORRIS JAMEL McDUFFIE,** | : : | |
| Plaintiff, | : : | Case No. 5:22-cv-00296-CAR-CHW |
| v. | : : | |
| **WARDEN AIMEE SMITH**, *et al.*, | : : | |
| Defendants. | : : : | |

# ORDER

*Pro se* Plaintiff Letorris Jamel McDuffie, a prisoner confined in Valdosta State Prison in Valdosta, Georgia, filed a 42 U.S.C. § 1983 complaint. ECF No. 1. On December 12, 2022, the Court advised Plaintiff that his complaint was deficient. ECF No.8. The Court then advised Plaintiff of the defects with his complaint and provided instructions on how to draft a § 1983 complaint. *Id*. Plaintiff was given fourteen days to submit his recast complaint and was informed that failure to comply with the Court's order could result in dismissal of his action. *Id*. Plaintiff then requested an extension of time to recast his complaint (ECF No. 11) which was granted (ECF No. 13). Thereafter, Plaintiff filed a recast complaint. ECF No. 14. However, Plaintiff's recast complaint was found to be non-complaint with the order of the Court. ECF No. 17. More importantly, however, the Court found that Plaintiff's recast complaint was a shotgun pleading "comprised of overtly vague and nonspecific allegations that merely conclude that a Defendant has violated Plaintiff's constitutional rights without ever specifically and succinctly stating what particular prohibited act was perpetrated by that Defendant". *Id*.

The Court methodically informed the Plaintiff of the defects within his complaint then provided him with another roadmap on how to draft a § 1983 complaint.  *Id*.  The Court then generously afforded Plaintiff one last opportunity to submit a recast complaint that complied with the Federal Rules of Civil Procedure and that stated a claim for which the Court could grant relief.  *Id*.  Plaintiff was given fourteen days to respond.  *Id*.  Plaintiff was again informed that failure to comply with an order of the Court could result in the dismissal of this action.  *Id*.  Plaintiff did not respond.

Therefore, on May 5, 2023, the Court notified Plaintiff that he failed to respond to an order of the Court.  ECF No. 18.  Plaintiff was ordered to show cause why this action should not be dismissed for failure to comply with the Court's order.  *Id*.  The Court unambiguously informed Plaintiff that this action would be dismissed if he failed to file his amended complaint as ordered.  *Id*.  Plaintiff was given fourteen (14) days to respond and he has failed to do so.  Due to Plaintiff's failure to follow the Court's orders and failure to prosecute this action, the case is hereby **DISMISSED WITHOUT PREJUDICE**.  Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED,** this 26th day of May, 2023.

s/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT